BENNINGTON, February, 1830. The State *ex relatione* CALEB ELDRED *vs.* SOLOMON WRIGHT.

That a discharge from execution upon a *habeas corpus*, predicated upon the debtor's being privileged from arrest by his attendance on court at the time, is no bar to his being afterwards arrested, upon a new execution upon the same judgment.

HUTCHINSON, J.—*Caleb Eldred* has made application to this Court, in due form, for a *habeas corpus*, which has been granted, to the sheriff of this county, directing him to bring up the body of the said *Eldred*, together with the cause of his detention. In obedience to this writ, the sheriff has brought the body of said *Eldred*, and made a return of said writ, and also, that he held him in custody by virtue of an alias writ of execution against said *Eldred*, in favor of said *Solomon Wright*, issued by this Court, at the present term thereof. Upon a hearing now, before this Court, upon the said writ and return, and various affidavits produced by the applicant, as also by the said *Wright*, who was duly notified, and present by his counsel, showing cause against the relief prayed for, the following facts were shown to the Court, to wit : That said *Wright*, by the consideration of this Court, at their term three years ago, recovered a final judgment against the said *Eldred* for about $3000, and prayed out his execution upon the same, and delivered it to the sheriff for collection. That the sheriff, not being able to find the property or body of said *Eldred*, made return of said execution during its life, with what is termed *a non est* return thereon. That *Wright*, the creditor, brought his *scire facias* to the then next term of this Court, against one *Brownell* who had become bail for said *Eldred* on the original process, and procured the same to be served and entered in court. That said *Brownell* had conceived, that a defence might be made to said *scire facias*, and, being out of health, wrote to said *Eldred* to come himself and attend to such defence. That he came accordingly, and arrived on Thursday, a few minutes after the counsel had obtained a continuance of the same cause. That *Wright*, finding *Eldred* to be in the county, prayed out an alias writ of execution upon the said judgment, and delivered it to the sheriff, who arrested *Eldred*, and committed him to prison by virtue of the same. That he remained in prison, till the April term of the county court, when he made his application to said county court for a *habeas corpus*, which was granted ; and it resulted in his discharge from said imprisonment, by said county court, on account of his being privileged from arrest, as the said court decided he was, by his having come to attend the said court as before mentioned. That the said *scire facias* was continued again, which brought it to the present term. At this term, *Brownell*, the bail, delivered up *Eldred*, and paid the cost of the *scire facias*, in

discharge of himself ; and, on motion of *Wright*, the creditor, this court ordered a new execution upon said judgement against *Eldred*, adding interest according to the statute of 1820. Upon this he has been committed, and is now holden in custody. And the discharge, upon the former *habeas corpus*, is now urged as a reason why he should be again discharged. And it is contended, that, by the common law, as well as our statute, the creditor has no right to imprison *Eldred* for the same debt, after such discharge from execution.

The cases, cited to show discharges upon common law principles, are all cases where the consent of the creditor formed an important ingredient in the matter. It is not, as urged by the closing counsel for the applicant, that the imprisonment on the execution and escape is *ipso facto* a discharge. It being the end of the law in regard to the remedy of the creditor, if he consents to let that go, it is presumed the debt is paid ; and he must, at his peril, receive all he ever expects, before he consents to an escape ; for his consent bars his further remedy. He may receive his pay in money, or in a new contract : but can never pursue the judgement or execution any more. But there is nothing in the testimony before us, which tends to show any consent of the creditor, *Wright*, to the discharge. It appears, that he has opposed every step, taken by *Eldred* to procure a discharge.— Therefore, this ground of argument cannot avail the applicant.

The tenth section of our *habeas corpus* act is urged as conclusive. The expressions are, " that no person enlarged by *habeas corpus*, shall be again imprisoned or restrained of his liberty for the same cause, unless indicted therefor, or convicted thereof, or shall neglect to find bail when ordered thereunto by some court of record." In giving a construction to this statute, as applicable to the various cases that may arise, we must ascertain what was decided in each particular case of a discharge. For the decision of a court is conclusive as to nothing, but the very point adjudicated and decided. Let the words of this statute be ever so broad, it can operate as a bar to that, only, which is expressly decided. Now, the point decided by the county court upon the first *habeas corpus*, had no reference to the validity of the judgement and execution, nor to the right of the creditor to imprison *Eldred* to enforce collection at any other time. The only point decided was, that *Eldred*, by his attending court, as has been mentioned, was privileged from arrest, at the time of the arrest made. Had he applied to the Supreme Court for a discharge, after the arrest and before the commitment, and procured a discharge, if the sheriff had made no return upon the execution, and had found the debt-

Bennington,
February,
1830.
———
Eldred
vs.
Wright.

or again in the county, after he had been home to his family from court, he might have committed him on the same execution, if yet in life.    Probably after this return of commitment, that would render necessary a *scire facias*, or a motion to this Court for another execution.

But a view is presented by the counsel for the applicant, which we deem a mistaken view.    At least, we can present one more conformable to law.    It is urged the plaintiff must be careful not to commit, when his debtor is under  privilege, because that will be a ground for a final discharge of the body.    The truth is, that such a discharge on account of privilege sets aside the levy wholly ; and makes it as if it had never  existed.    It has relation back to the arrest and sweeps it all away.    That such a discharge, for a temporary cause, should create a final  discharge, and that wholly opposed by the creditor, would be such  monstrous injustice, it cannot be law.    It is similar to a levy of  execution upon real estate.    There is a defect in the levy.    The debtor applies to have it set aside ; he  succeeds, and discharges  the land from the levy.    The creditor sues his *scire facias*, or debt on judgement, with a view yet to enforce collection, and the defendant pleads in bar this levy which he has caused to be vacated :  this  could be no bar.    The case before us is similar in principle.

The application is overruled, and the debtor remanded.

*Hunt* and *Isham*, for the applicant.

*Hall* and *Smith*, for the creditor.